IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT WILLIAMS, | § | |
| | § | |
| Movant, | § | |
| | § | |
| v. | § | Civil Action No. H-05-3598 |
| | § | Criminal No. H-05-121 |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Respondent. | § | |
| | § | |

## ORDER

Pending before the Court are Robert Williams' 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civil Document No. 1, Criminal Document No. 75) and the Government's Answer, Motion to Dismiss, and Motion for Summary Judgment (Criminal Document No. 91). Having considered the motions, submissions, and applicable law, the Court determines that Robert Williams' motion should be denied, and that the Government's motion to dismiss should be granted.

## BACKGROUND

On March 17, 2005, a federal grand jury returned an indictment charging Robert Williams ("Williams") with conspiracy to possess with the intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), and 846; and possession with the intent to distribute a controlled substance, in violation of 21

U.S.C. § 841(a)(1), 841(b)(1)(A)(iii), and 18 U.S.C. § 2. On May 11, 2005, a federal grand jury returned a superseding indictment, adding the additional charge of possession of a firearm in furtherance of a drug trafficking crime, and aiding and abetting, in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2. On June 20, 2005, Williams pled guilty to all counts in the indictment. On September 14, 2005, this Court sentenced Williams to 180 months imprisonment followed by a five-year term of supervised release and imposed a special assessment of $300.

Williams did not appeal his conviction. He now seeks relief under 28 U.S.C. § 2255. He alleges that his conviction and sentence are unconstitutional based on violations of his Sixth Amendment right to effective assistance of counsel; violations of his Sixth Amendment right to a speedy trial; his conviction was obtained by a plea of guilty which was unlawfully induced; no conspiracy existed; and the Government failed to prove he possessed a controlled substance. The Court will address these arguments in turn.

## LAW AND ANALYSIS

I. INEFFECTIVE ASSISTANCE OF COUNSEL

Williams asserts he was denied effective assistance of counsel in violation of the Sixth Amendment. Specifically, he argues his counsel's performance was deficient for three reasons: (A) his attorney failed to discover no conspiracy existed; (B) his attorney

had a conflict of interest; and (C) Williams did not own the weapon his co-defendant carried while committing these offenses.

To prevail on an ineffective assistance of counsel claim, the movant must satisfy a two prong test: (1) his counsel's performance was deficient; and (2) his counsel's deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, the movant must show that his counsel's performance fell below an objective standard of reasonableness. *Id.* at 687-88. Judicial scrutiny of counsel's performance at trial is deferential, and there is a strong presumption of adequate performance. *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996). The second prong of *Strickland* requires the movant to show his counsel's errors deprived him of a fair trial. *Strickland*, 466 U.S. at 687. This means the movant must show a reasonable probability the final result would have differed but for counsel's errors. *Ramirez v. Dretke*, 398 F.3d 691, 698 (5th Cir. 2005). The movant must identify his counsel's acts or omissions forming the basis of his ineffective assistance claim. *Strickland*, 466 U.S. at 690. The movant bears the burden of proof, *Moya v. Estelle*, 696 F.2d 329, 332 (5th Cir. 1983), and must satisfy both prongs of *Strickland* to prevail on an ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 687.

Here, Williams pled guilty and did not appeal his conviction. Following these

actions, the Court presumes he stands fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). Guilty pleas must be knowing and voluntary, and statements made in open court give a strong presumption of truth. *Id.* at 1110. On June 20, 2005, Williams pled guilty in open court, with his attorney present. This Court found that Williams made his guilty plea knowingly and voluntarily.

### A. FAILURE TO DISCOVER ABSENCE OF CONSPIRACY

Williams argues his attorney did not properly investigate his case to determine whether or not a conspiracy existed. Williams argues that if his counsel had conducted a proper investigation, he "would have known that no conspiracy existed." Williams argues that he can show potentially exculpatory evidence was omitted. However, Williams fails to provide any evidence other than his own, unsubstantiated allegations in support of this argument. This is insufficient to show deficient performance. *See, e.g., Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1988) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue."). Additionally, Williams pled guilty to the conspiracy claim, and the Court is entitled to presume he did so truthfully. *Cervantes*, 132 F.3d at 1110. Williams fails to establish that his counsel's performance fell below an objective standard of reasonableness.

Williams also fails to establish prejudice. He has not identified any acts or omissions of his counsel that show a reasonable probability the final result would have differed in his case. Additionally, he pled guilty to these counts in open court. Williams fails to establish he is entitled to relief on this claim.

### B. CONFLICT OF INTEREST

Williams argues his attorney had a conflict of interest. The only support Williams provides for this argument is the assertion that his counsel lied about ongoing proceedings, which he asserts somehow created a conflict of interest. He argues this conflict of interest substantially affected the entire proceeding. Williams fails to explain how his attorney had a conflict of interest, and his unsupported generalizations are insufficient to satisfy the deficient performance prong of an ineffective assistance claim. *See, e.g.*, *Green*, 160 F.3d at 1043 ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue."). Additionally, he fails to show how the final result would have differed without the conflict of interest. Williams pled guilty in open court to all counts, and this Court presumes his plea was truthful. *See Cervantes*, 132 F.3d at 1110. Williams fails to establish he is entitled to relief on this claim.

### C. OWNERSHIP OF THE WEAPON

Williams argues he should not have been charged for possessing a weapon in

furtherance of a drug trafficking crime. He asserts that the indictment was defective because it lacked sufficient evidence the weapon belonged to him. In support of his argument, he claims his co-defendant owned the weapon. He also argues his attorney remained intentionally ignorant of relevant facts regarding ownership of the weapon. Despite his claim of non-ownership, Williams pled guilty to the weapons charge. Moreover, Williams signed the order directing forfeiture of the weapon.

Williams fails to provide any evidence other than his own, unsubstantiated allegations in support of this argument. This is insufficient to show deficient performance. *See Green*, 160 F.3d at 1043. Williams fails to show his attorney's conduct fell below the objective standard of reasonableness required to satisfy the first prong of *Strickland*'s ineffective assistance of counsel standard. *See Strickland*, 466 U.S. at 687-88. Additionally, there is a strong presumption that Williams' attorney performed adequately. *Payne*, 99 F.3d at 1282. Williams has failed to show the final result would have differed but for his counsel's alleged errors. He fails to establish he is entitled to relief on this claim.

## II. THE REMAINING CLAIMS

The remainder of Williams' claims relate to arguments which he failed to appeal. When resolving arguments brought on collateral review but not raised on appeal, the Court draws a distinction between constitutional or jurisdictional claims and mere

errors of law. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981). If the alleged error is constitutional or jurisdictional in nature, the movant may not raise the issue for the first time on collateral review without a showing of cause for the default and actual prejudice as a result of the alleged error. *Cervantes*, 132 F.3d at 1109; *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (citing *United States v. Frady*, 456 U.S. 152, 168 (1982)). On the other hand, an error that is not constitutional or jurisdictional in nature may not be raised for the first time on collateral review unless the alleged error "could not have been raised on direct appeal *and,* if condoned, would result in a complete miscarriage of justice." *Cervantes*, 132 F.3d at 1109; *see also Capua*, 656 F.2d at 1037.

### A. RIGHT TO SPEEDY TRIAL

Williams argues the United States violated his Sixth Amendment right to a speedy trial because his federal indictment was issued more than thirty days from the date of his arrest. A speedy trial claim should be raised on direct appeal. *See United States v. Thompson*, 66 F.App'x 837, 838 (10th Cir. 2003) (affirming the district court's denial of relief as to defendant's speedy trial right because the issue should have been brought on direct appeal); *United States v. Dismore*, Crim. A. No. 84-160, 1994 WL 180093, at *2 (E.D. La. May 2, 1994). Williams failed to directly appeal, and he cannot raise the speedy trial issue under § 2255 without a showing of cause and

prejudice for his failure to appeal this issue directly. *Cervantes*, 132 F.3d at 1109 ("review of convictions under section 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice"). Williams failed to bring this (or any other) issue on appeal, and he provides no explanation for his failure to do so, other than the assertion he informed his trial counsel to appeal. The Court denies this claim, as it should have been brought on direct appeal, and Williams has not shown cause or actual prejudice for his failure to appeal the issue directly. *See Thompson*, 66 F.App'x at 838; *Dismore*, 1994 WL 180093, at *2.

### B. THE FINAL THREE CLAIMS

In his final three claims, Williams argues: (1) his counsel coerced him into pleading guilty to the defective indictment for the weapons charge; (2) no conspiracy existed; and (3) there was no evidence he possessed or controlled the controlled substance. Because it is unclear whether Williams argues these are constitutional or non-constitutional claims, the Court will address these arguments under both standards.

Assuming Williams alleges constitutional error, he fails to show cause for his failure to bring these arguments on direct appeal, or prejudice as a result of the alleged error. Instead, he offers unsupported, conclusory allegations, which are insufficient to meet this burden. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). In the

8

alternative, if the alleged errors are non-constitutional, Williams must show he could not have brought these arguments on direct appeal. *Cervantes*, 132 F.3d at 1109; *see also Capua*, 656 F.2d at 1037. All three of the arguments Williams raises could have been brought on direct appeal, and Williams fails to demonstrate otherwise. Accordingly, he cannot now bring these arguments before this Court. The Court denies these claims.[1] Given the foregoing, the Court hereby

ORDERS that Robert Williams' 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civil Document No. 1, Criminal Document No. 75) is DENIED. The Court further

ORDERS that the Government's Motion to Dismiss (Criminal Document No. 91) is GRANTED.

---

[1] Although Williams requests an evidentiary hearing on his arguments, a hearing is not required if the motions, files and record of the case conclusively show no relief is appropriate. *United States v. Samuels*, 59 F.3d 526, 530 (5th Cir. 1998). When § 2255 claims are based on unsupported generalizations, an evidentiary hearing is not required. *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980). Williams' claims are based on conclusory, unsupported generalizations. Thus, the Court finds Williams is not entitled to an evidentiary hearing.

SIGNED at Houston, Texas, on this 21st day of March, 2006.

_____
DAVID HITTNER
United States District Judge